[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**BC**

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS



**FILED** AXM

3/2/2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| EBNER, LAURA L | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff(s), | ) Case Number: Newcase |
| | ) |
| v. | ) |
| U.S., Department of VA, Secretary of VA | ) |
| | ) **1:26-cv-2340** |
| Douglas Collind, U.S.A.G. | ) **Judge Sharon Johnson Coleman** |
| | ) **Magistrate Judge Gabriel A. Fuentes** |
| Defendant(s). | ) **Random / Cat. 1** |

### COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is Laura Ebner of the

county of Dupage in the state of Illinois.

3. The defendant is US Govt, Department of VA, Secretary of VA, Douglas Collins  U.S.A.G. , whose

street address is 810 Vermont Ave NW; 601 D St MW,

(city) DV (county) DC (state) DC (ZIP) 20420; 205:

(Defendant's telephone number) (2024561111

4. The plaintiff sought employment or was employed by the defendant at (street address)

3350 La Jolla Village Drive (city) San Diego

(county) San Diego (state) CA (ZIP code) 92161

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5.     The plaintiff [*check one box*]

   (a)   ☒     was denied employment by the defendant.

   (b)   ☐     was hired and is still employed by the defendant.

   (c)   ☐     was employed but is no longer employed by the defendant.

6.     The defendant discriminated against the plaintiff on or about, or beginning on or about, (month)_October_____, (day)_1_____, (year)_2023_____.

7.1    *(Choose paragraph 7.1 or 7.2, do not complete both.)*

   (a)   The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐*has*  ☐*has not* filed a charge or charges against the defendant

        asserting the acts of discrimination indicated in this complaint with any of the

        following government agencies:

        (i)    ☐ the United States Equal Employment Opportunity Commission, on or about

               (month)_____ (day)_____ (year)_____.

        (ii)   ☐  the Illinois Department of Human Rights, on or about

               (month)_____ (day)_____ (year)_____.

   (b)   If charges *were* filed with an agency indicated above, a copy of the charge is

        attached. ☐  Yes, ☐  No, **but plaintiff will file a copy of the charge within 14 days.**

        It is the policy of both the Equal Employment Opportunity Commission and the Illinois

        Department of Human Rights to cross-file with the other agency all charges received. The

        plaintiff has no reason to believe that this policy was not followed in this case.

7.2    The defendant is a federal governmental agency, and

   (a)    the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

defendant asserting the acts of discrimination indicated in this court complaint.

☑ Yes (month) 12 (day) 6 (year) 2024

☐ No, did not file Complaint of Employment Discrimination

(b)  The plaintiff received a Final Agency Decision on (month) December (day) 4 (year) 2025 .

(c)  Attached is a copy of the

(i) Complaint of Employment Discrimination,

☑ Yes  ☐ No, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☑ Yes  ☐ N0, but a copy will be filed within 14 days.

8.  *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐  the United States Equal Employment Opportunity Commission has not

issued a *Notice of Right to Sue.*  2025

(b) ☑  the United States Equal Employment Opportunity Commission has issued

a *Notice of Right to Sue*, which was received by the plaintiff on

(month) December (day) 4 (year)_____ a copy of which

*Notice* is attached to this complaint.

9.  The defendant discriminated against the plaintiff because of the plaintiff's [*check only*

*those that apply*]:

(a) ☑ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

    (c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)

    (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

    (g) ☒ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the ADA by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791; and for the ADEA, 29 U.S.C. § 626(c).

12. The defendant [*check only those that apply*]

    (a) ☒ failed to hire the plaintiff.

    (b) ☐ terminated the plaintiff's employment.

    (c) ☐ failed to promote the plaintiff.

    (d) ☐ failed to reasonably accommodate the plaintiff's religion.

    (e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

    (f) ☒ failed to stop harassment;

    (g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

    (h) ☐ other (specify): _____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

SO = Kristin Beizai, Supervisors also: Brian Mattis, Stacey Johnson **See attached**

On or about October 2023, SO and supervisors was wilable aware of protected activity and acknowledged receipt of such knowledge.

SO declined to contact applicant after reading about this protected activity.

Nor did SO did not answer a relevant question pertaining to the interview being scheduled, upon which applicant relied upon for next step.

All communication simply ceased from any and all staff at San Diego VA.

Was not notified of any nonselection until almost 10 months later.

Was told and IF shows SDVA falsely stated no one was chosen for the position.

As per ROI, there was someone, in fact, chosen for this position.

This despite numerous citations throughout the record of all supervisors and others denying the position was filled.

Only upon completion of this review, was applicant made aware that this person was chosen, was likely male and of younger age than 40.

The VA failed to uphold and fulfill their obligation to be truthful during the selection process.

Disparate treatment was applied because of applicant's prior and contemporaneous protected activity of former EEOC claim as well as continued harassment with lost adverse action of discrimination by actions towards applicant only after becoming aware of protected status, being in the period reported and timely, as is here, then along with the proximity, no other explanation suitable for behavior after, the false statements to this day about whether any one had even been hired, all make this claim stand alone from prior as the harassment here only started to prevent further employment by retaliation for prior activity only known in October 2023, and thus only acted upon, per SO's own words, thereby causing harassment and reprisal to stand alone.

This in addition to disparate treatment based on sex, disability, age and retaliation.

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully Yes discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ Yes ☐ No

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a)  ☒ Direct the defendant to hire the plaintiff.

(b)  ☐ Direct the defendant to re-employ the plaintiff.

(c)  ☐ Direct the defendant to promote the plaintiff.

(d)  ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e)  ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f)  ☐ Direct the defendant to (specify): _____

_____

_____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

(g)     ☒  If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h)     ☒  Grant such other relief as the Court may find appropriate.


__/s/Laura Ebner_____
(Plaintiff's signature)

Laura Ebner
_____
(Plaintiff's name)

229 S Main St 2A
_____
(Plaintiff's street address)

(City)__Lombard_____(State)_IL_____(ZIP)_60148____

(Plaintiff's telephone number) (_224_) – _51916480_____

Date:  _3/2/26_____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Continuation/Correct Sizing of Question 13:

On or about October 2023, SO was made aware of protected activity and acknowledged receipt of such knowledge.

SO declined to contact applicant after reading about this protected activity.

Nor did SO did not answer a relevant question pertaining to the interview being scheduled, upon which applicant relied upon for next step.

All communication simply ceased from any and all staff at San Diego VA.

Was not notified of any nonselection until almost 10 months later.

Was told and IF shows SDVA falsely stated no one was chosen for the position.

As per ROI, there was someone, in fact, chosen for this position.

This despite numerous citations throughout the record of all supervisors and others denying the position was filled.

Only upon completion of this review, was applicant made aware that this person was chosen, was likely male and of younger age than 40.

The VA failed to uphold and fulfill their obligation to be truthful during the selection process.

Disparate treatment was applied because of applicant's prior and contemporaneous protected activity of former EEOC claim as well as continued harassment with last adverse action of discrimination by actions towards applicant only after becoming aware of protected status, being in the period reported and timely, as is here, then along with the proximity, no other explanation suitable for behavior after, the false statements to this day about whether any one had even been hired, all make this claim stand alone from prior as the harassment here only started to prevent further employment by retaliation for prior activity only known in October 2023, and thus only acted upon, per SO's own words, thereby causing harassment and reprisal to stand alone.

This in addition to disparate treatment based on sex, disability, age and retaliation.

OMB NO.: 2900-0716
EXP DATE: XX XX, XXXX
RESPONDENT BURDEN: 30 Min.

COMPLAINT CASE NUMBER:

**VA** | U.S. Department of Veterans Affairs | **COMPLAINT OF EMPLOYMENT DISCRIMINATION**

*Read the instructions on the reverse side of this form carefully before completing the front of this form.*

| | | |
|---|---|---|
| 1. NAME *(Last, first, middle initial)(Please print)*<br><br>EBNER, LAURA L | 3. MAILING ADDRESS<br><br>6432 Birchwood<br>San Diego, CA 92120 | 4a. WORK TELEPHONE NUMBER *(Include Area Code)*<br><br>410-635-0465 |
| 2. EMAIL ADDRESS<br><br>LAURAEBNER@GMAIL.COM | | 4b. PRIMARY TELEPHONE NUMBER *(Include Area Code)*<br><br>757-478-0225 |

| 5. ARE YOU: | 6a. JOB TITLE, SERIES AND GRADE | 7. NAME AND ADDRESS OF VA FACILITY WHERE DISCRIMINATION OCCURRED |
|---|---|---|
| [ ] A VA EMPLOYEE | **PHYSICIAN THINK GS-15** | MULTIPLE ONES STARTING ON OR ABOUT MY TERMINATION FROM DANVILLE VA, LAST REJECTION FROM |
| [X] AN APPLICANT FOR EMPLOYMENT | 6b. SERVICE/SECTION/PRODUCT LINE | |
| [X] A FORMER VA EMPLOYEE | | |

For each employment related matter that you believe was discriminatory you must list the bases (list one or more of the following): Race (Specify), Color (Specify), Religion (Specify), Sex (Male, Female, Sexual Orientation, Gender Identity, including, but not limited to, Transgender), National Origin (Specify), Age (Provide date of birth), Disability (Specify), Genetic Information (including family medical history), and/or Reprisal for participating in the EEO process or opposing unlawful discrimination.

| 8. BASIS | 9. CLAIM(S)<br>*(What employment related claim(s) - personnel action(s), incident(s), or event(s) caused you to file this complaint? Briefly state the specific claim, personnel action and/or event that caused you to file this complaint. Use an additional sheet of paper if necessary. You should not include information that violates the Privacy Act of 1974 and the Health Insurance Portability and Accountability Act (HIPAA). Some examples are patient medical records, personal records of other VA-employees, etc.)* | 10. DATE OF OCCURRENCE *(Include the most recent date(s))* |
|---|---|---|
| 1. AGE<br>2. PRIOR PROTECTED ACTIVITY, INCLUDING BUT NOT LIMITED TO THE INITIATION OF INFORMAL AND THEN FORMAL STAGES<br>3. VISUAL DISAB | RETALIATION AND HARRASSMENT SPANNING NOW OVER 3 YEARS WITH CALLS AND EMAILS ABOUT POSITIONS THROUGHOUT<br>2. RETALIATON AND/OR HARRASSMENT SEPARATE FROM PRIOR CLAIM AS AGE WAS NOT A TRUE BASIS ON THE FORMAL CHARGE NOR FAD CHARGE LIST SO THIS AS DISCRIMINATION IS NOT PRECLUDED- DISCRIMINATION ON AGE RESULTING IN NON-STOP NON SELECTION DESPITE QUALIFIED AND OFTEN NO PERSON SELECTED AT ALL OR IF SO, A YOUNGER APPLICANT (AS I COULD GATHER BY PRIVATE RESEARCH<br>3. FURTHERMORE, SEPARATE AND A NEW CLAIM IS AN INDEPENDENT ONE FOR RETALIATION AS PRIOR CHARGE, PER FORMAL CHARGE SHEET AS WELL AS EVEN LAWYER WRITING FAD AND FAD STATING RETALIATION | AFTER AND BEFORE TERMINATION AS INFORMAL CHARGE NOT FILED UNTIL TERMINATION DECIDED/ NOT INEFFECT.PL US NEW 4/29/21OR |

11. REMEDIES SOUGHT *(Use an additional sheet of paper if necessary.)*

PLEASE SEE ATTACHED SHEET(S) FOR REST OF 8,9,10. FULL BACK PAY FROM ONSET WITH ACCRUED BENFITS,PAY AND SERVICE ADVANCEMENT, COMPENSATORY AND PUNITIVE (SOME CL ALLOWING SOME),

| 12a. DO YOU HAVE A REPRESENTATIVE? | 12c. PROVIDE THE NAME AND ADDRESS OF YOUR REPRESENTATIVE<br><br>n/a pro se, law student part time | 12d. TELEPHONE NUMBER *(Include Area Code)*<br><br>757-478-225 |
|---|---|---|
| [ ] YES [X] NO | | |
| 12b. IF "YES," IS HE OR SHE AN ATTORNEY?<br><br>[ ] YES [ ] NO | | 12e. EMAIL ADDRESS<br><br>lauraebner@gmail.com |

| 13a. HAVE YOU CONTACTED AN EEO COUNSELOR?<br><br>[X] YES [ ] NO | 13b. NAME OF EEO COUNSELOR<br><br>Stacy Rogers | 13c. DATE OF INITIAL CONTACT WITH ORM<br><br>around |
|---|---|---|

14. *If you contacted an EEO Counselor more than 45 calendar days after the Date(s) of Occurrence, listed in item 10, or if this complaint is filed more than 15 calendar days after receipt of a Notice of Right to File a Discrimination Complaint, you must explain why you were untimely in seeking EEO counseling or untimely in filing a complaint. (Use an additional sheet of paper, if necessary.)*

| 15a. HAVE YOU FILED A UNION GRIEVANCE ON ANY CLAIM(S) LISTED ABOVE?<br><br>[ ] YES [X] NO | 15b. IF "YES," LIST THE CLAIM(S) AND DATE GRIEVANCE FILED | 16a. HAVE YOU FILED AN APPEAL WITH THE MERIT SYSTEM PROTECTION BOARD (MSPB) ON ANY OF THE CLAIMS LISTED ABOVE?<br><br>[ ] YES [X] NO | 16b. IF "YES," LIST THE ISSUE(S) AND DATE MSPB APPEAL FILED. |
|---|---|---|---|
| 17a. HAVE YOU FILED THIS COMPLAINT WITH ANYONE ELSE?<br><br>[ ] YES [X] NO | 17b. IF "YES," PROVIDE THE NAME AND ADDRESS<br><br>no- not the same one as per detailed answers including attached pages | | |

| 18. SIGNATURE OF COMPLAINANT *(Sign in ink. Do not print)* | 19. DATE |
|---|---|

VA FORM JUL 2020 **4939** | SUPERSEDES VA FORM 4939, MAR 2017, WHICH SHOULD NOT BE USED.

**DEPARTMENT OF VETERANS AFFAIRS**
**OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION**
**WASHINGTON, D.C. 20420**

| | |
|---|---|
| Laura Ebner, ) | |
| ) | |
| *Complainant,* ) | VA Case No. 200P-664-2024-160716 |
| ) | |
| *v.* ) | Date: December 2, 2025 |
| ) | |
| Secretary, ) | |
| Department of Veterans Affairs, ) | |
| ) | |
| *Agency.* ) | |

## FINAL AGENCY DECISION

### INTRODUCTION

In a formal EEO complaint filed on December 9, 2024, Complainant alleged that officials at the San Diego VA Healthcare System in San Diego, California, discriminated against her based on age, disability, and reprisal. The Office of Resolution Management (ORM) completed its investigation of the complaint and provided Complainant with the Report of Investigation (ROI) on about June 5, 2025. Complainant timely requested the Agency issue a final agency decision, and on July 9, 2025, ORM referred the matter to this office for adjudication. For the reasons stated below, we find the Agency did not subject Complainant to unlawful discrimination based on age, disability, and/or reprisal, as alleged.

### ACCEPTED ISSUE

Whether the Agency subjected Complainant to discrimination based on age, disability, and reprisal when, on July 12, 2024, Complainant was not interviewed/selected for the position of Staff Psychiatrist, Vacancy Announcement No. CBSX-11979281-23-SJ.

### DISCUSSION

#### Disparate Treatment – Age, Disability, and Reprisal

As an initial matter, the record shows Complainant did not participate in the investigation of this complaint, nor did she submit any documented evidence to support her claim. ROI at 70-74. The record shows the investigator made several attempts to obtain Complainant's affidavit and other pertinent documents, but Complainant did not respond.

1

Id. As such, the record contains no evidence regarding Complainant's age or disability. Complainant provided an 8-page narrative to support her formal complaint but did not confirm her age or discuss her disability. ROI at 6-13. Regarding her prior EEO activity, the record shows Complainant filed a discrimination complaint in or around August 2021 after she was terminated during her probationary period. ROI at 17. The record further shows that Complainant has not worked for the Agency since about May 2021. ROI at 4.

### Prima Facie Case

In the absence of direct evidence, claims of disparate treatment are analyzed utilizing the three-step evidentiary analysis as set forth under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). In order to establish a prima facie case of disparate treatment a complainant must generally show: (1) she is a member of a protected class; (2) she suffered an adverse action; (3) a causal relationship existed between the complainant's membership in a protected class and the adverse action; and (4) other employees outside of the complainant's protected class were treated differently, or there exists some other evidence that the adverse action occurred under circumstances giving rise to an inference of discrimination. McDonnell Douglas, 411 U.S. at 802.

Regarding non-selection, a complainant may establish a prima facie case by showing: (1) she is a member of a protected class; (2) she applied for and was qualified for the position; (3) she was not selected despite her qualifications; and (4) someone outside the complainant's protected class was selected for the position. Dania S. v. Dep't of Hous. & Urban Dev., EEOC Appeal No. 2023003797 (Oct. 30, 2024). "Complainant may also set forth evidence of acts from which, if otherwise unexplained, an inference of discrimination can also be drawn." Jermaine H. v. Dep't of Veterans Affs., EEOC Appeal No. 2023004049 (June 10, 2024).

Once the complainant establishes a prima facie case, the burden shifts to the agency to articulate a legitimate, nondiscriminatory reason for its actions. Texas Dep't of Cmty. Affs. v. Burdine, 450 U.S. 248, 253-54 (1981). If the agency successfully does so, the burden will shift back to the complainant to prove, by a preponderance of the evidence, that these reasons are not worthy of credence and are instead a pretext for unlawful discrimination. The ultimate burden of showing management discriminated against the complainant, at all times, remains with the complainant. U.S. Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711 (1983).

We find Complainant does not establish a prima facie case for disability discrimination. To establish a prima facie case of disability discrimination under a disparate treatment theory, a complainant must demonstrate that: (1) she is an "individual with a disability," as defined by 29 C.F.R. § 1630.2(g);[1] (2) she is "qualified" for the position held or desired, as defined by 29 C.F.R. § 1630.2(m); (3) she was subjected to an adverse personnel

---

[1] Subject to certain exceptions, the term disability is defined under the Rehabilitation Act as "a physical or mental impairment that substantially limits one or more of the major life activities of the individual; a record of such an impairment; or being regarded as having such an impairment." See 29 C.F.R. § 1630.2(g).

2

action under circumstances giving rise to an inference of disability discrimination. See Torie A. v. Dep't of Def., EEOC Appeal No. 2022004671 (Sept. 3, 2024).

As previously stated, the record does not confirm that Complainant is within the protected class. Complainant did not provide any evidence regarding her disability. Further, the Selecting Official (SO) for the position in question stated she did not have an organizational relationship with Complainant and was not aware of any disabilities Complainant may have had. ROI at 83-84. Complainant offered no evidence to the contrary. Without such evidence, Complainant cannot establish a prima facie case for disability discrimination.

We also find Complainant does not establish a prima facie for age discrimination. To establish a prima facie case of age discrimination, a complainant generally must raise an inference of discrimination by showing: (1) she was 40 years of age or older; (2) she was subjected to an adverse employment action; (3) she was qualified for the job; and (4) there is some reason to infer that the action was related to age, such as ageist statements showing bias by the decisionmaker, or evidence that she was replaced by someone substantially younger or otherwise was treated less favorably than someone substantially younger. Tamesha C. v. Dep't of Veterans Affs., EEOC Appeal No. 0120181381 (Sept. 10, 2019).

As previously stated, the record contains no confirmation as to Complainant's age. Further, even if Complainant is within the protected class, Complainant has not established a causal relationship between her age and not being selected for the position in question. SO stated she was not aware of Complainant's age. ROI at 83-84. Complainant offered no rebuttal. Further, the record shows that on October 17, 2023, SO did attempt to schedule an interview with Complainant, but Complainant never responded to the meeting request. ROI at 154. SO stated she did not consider Complainant any further after she failed to respond to the interview request and proceeded with the other candidates only. ROI at 83, 86, 88. Overall, the record shows no prima facie evidence that Complainant's age was a causal factor in her not being interviewed and/or hired.

We also find Complainant does not establish a prima facie for reprisal discrimination. In order to establish a prima facie case of reprisal, Complainant must demonstrate that: (1) she engaged in a protected activity; (2) the agency was aware of the protected activity; (3) subsequently, she was subjected to adverse treatment by the agency; and (4) a nexus exists between the protected activity and the adverse treatment. See Sharolyn S. v. Dep't of Com., EEOC Appeal No. 2022001136 (June 5, 2023).

Even if we acknowledged that Complainant belongs to the protected class, here too, Complainant's prima facie case falls short because she has not demonstrated a causal connection between her protected basis and the non-selection. SO stated she had no reason to know of Complainant's prior EEO activity. ROI at 85. SO did state however that on October 31, 2023, about 2 weeks after she offered Complainant an interview for the position in question, Complainant emailed her to discuss her EEO complaint from 2021. ROI at 85. The record confirms this. Complainant did not respond to the interview request, and instead stated the following, in relevant part:

3

I hope this finds you well and I thank you kindly for reaching out. I apologize for the delay . . . I had some unplanned things needing my attention and am catching up. Sorry for the long length but I figured I might as well put it all out there at this point . . . I was informed last month by another VA that the VA will not hire me because I am a prior employee who has a current federal EEOC lawsuit against the VA. This lawsuit is for EEOC claims accepted back in 9/9/21 during my 12 weeks (Feb-May 2021) at Illiana Danville, IL VA . . . If you'd like to consider or know that I still could be considered for San Diego, I encourage you to look up my complaint in the Northern District of Illinois (Eastern Division) to see what my experience was like.

ROI at 154-55.

SO did not respond to the email. It is unclear as to why Complainant provided this information to SO instead of responding to the interview request SO sent her on October 17, 2023. Again, Complainant did not provide any testimony as part of this complaint. Nonetheless, we are not persuaded that Complainant voluntarily disclosing this information and asking SO to review her EEO case, is enough to establish a causal relationship between Complainant's non-selection and her prior EEO activity. The Commission has consistently stated that simply belonging to the class or a supervisor's "mere knowledge" of a complainant's protected bases, alone, is not enough to support a discrimination claim. See Complainant v. Dep't of Veteran Aff's, EEOC Appeal No. 0120142506 (May 7, 2015); see also Fields v. U.S. Postal Serv., EEOC Appeal No. 01A54551 (December 8, 2005) (stating "management officials' knowledge alone of complainant's protected bases is insufficient to prove discrimination").

Overall, the record shows Complainant did not receive an interview nor further consideration for the position because she did not respond to the interview request sent to her on October 17, 2023. The record contains no evidence to the contrary. Further, we, nor the Commission, will "second-guess an agency's personnel decision unless there is evidence of a discriminatory motivation on the part of the officials responsible for making the decision." Julian L. v. Dep't of Def., EEOC Appeal No. 2019005072 (Oct. 1, 2020) (citing Texas Dep't of Cmty. Affs. v. Burdine, 450 U.S. 248, 259, (1981). "Therefore, to prevail on his disparate treatment claim, Complainant would have to prove that the SO was motivated by unlawful considerations of his protected classes". Id., (citing Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 143 (2000)). Complainant did not meet this burden. We therefore find Complainant does not establish a prima facie inference of discrimination for any of the bases alleged.

## CONCLUSION

For the reasons discussed above, we find Complainant failed to prove she was discriminated against as alleged.

4

3. Statements or briefs in support of the appeal must be submitted to the EEOC-OFO within 30 calendar days of the filing of the appeal. The EEOC-OFO will accept statements or briefs in support of an appeal by facsimile transmittal at (202) 663-7022. If statements or briefs are submitted by mail or hand delivery, a copy of any such statement or brief, including any statements made on EEOC's "Appellant Docketing Statement," must also be sent to the VA's Office of General Counsel at the above address.

4. If an appeal is filed with the EEOC-OFO by mail or hand delivery, the appeal, and any subsequently filed statement or brief, must contain a statement certifying the date and method by which copies of these documents were served on the VA's Office of General Counsel.

5. If Complainant files an appeal with the EEOC-OFO beyond the above-noted time limit, Complainant should provide the EEOC-OFO with an explanation as to why the appeal should be accepted despite its untimeliness. If Complainant cannot explain why timeliness should be excused, the EEOC-OFO may dismiss the appeal as untimely.

## RIGHT TO FILE A CIVIL ACTION

Complainant also has the right to file a civil action in an appropriate United States District Court. Complainant may file a civil action as follows:

(1) Within 90 days of receipt of this final decision if no appeal to the EEOC-OFO has been filed; OR

(2) Within 90 days after receipt of the EEOC-OFO's final decision on appeal; OR

(3) After 180 days from the date of filing an appeal with the EEOC-OFO if there has been no final decision by the Commission.

Complainant must name the official head of the Department of Veterans Affairs, **Douglas A. Collins**, as the Defendant. Complainant may not name just the Department. Complainant must also state the official title of the Department head, which is the **Secretary of Veterans Affairs**. Failure to provide the name or official title of the head of the Department may result in dismissal of the case.

If Complainant decides to file a civil action under Title VII (discrimination due to race, color, religion, sex, national origin, or reprisal) or under the Rehabilitation Act of 1973, as amended, (discrimination due to disability), and if Complainant does not have or cannot afford the services of an attorney, Complainant may request that the Court appoint an attorney to represent Complainant and that the Court permit Complainant to file the action without payment of fees, costs, or other security.

**The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS of the date that Complainant receives the final agency decision from the Department or the Commission.

*Kathleen Oddo*
_____

Kathleen K. Oddo
Executive Director
Office of Employment Discrimination
Complaint Adjudication

12/2/2025
Date

Enclosures:  EEOC Public Portal Instructions
EEOC Form 573